UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IMAGING FINANCIAL SERVICES,
INC., a Delaware Corporation,
d\b\a EKCC,

                Plaintiff,

   -against-                                          1:11-CV-00641 (LEK/DRH)

THE DIGITAL PAGE, LLC, a New York
limited liability company; and EUGENE
R. SPADA, individually, a resident and
citizen of New York,

                Defendants.
_____

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

       Plaintiff Imaging Financial Services, Inc., doing business as EKCC ("EKCC" or "Plaintiff") commenced this action against Defendants Digital Page, LLC ("Digital") and Eugene R. Spada ("Spada") (collectively, "Defendants") on June 8, 2011.  Dkt. No. 1 ("Complaint").  Plaintiff filed a Motion for a preliminary injunction on June 10, 2011.  Dkt. No. 6 ("P.I. Motion").  Plaintiff then filed a Request for entry of default against both Defendants that the Clerk of the Court granted on July 20, 2011.  Dkt. Nos. 9, 10.  Presently before the Court is Plaintiff's Motion for default judgment.  Dkt. No. 11 ("Motion").

**II.    BACKGROUND**

       According to the Complaint, EKCC and Digital entered into a lease agreement on September 28, 2005, setting forth terms and conditions under which EKCC would lease Digital certain

equipment. Compl. ¶ 11. Pursuant to the terms of this lease agreement, EKCC and Digital executed a payment schedule on March 31, 2009, for the lease of a specified Kodak printer ("lease equipment"). Id. ¶ 12. Digital agreed to make three monthly payments of $0.00 to EKCC, followed by 52 monthly payments of $11,062.50.[1] Id. The Complaint also alleges that Defendant Spada had guaranteed Digital's prompt payment and performance under these lease agreements. Id. ¶ 14.

Digital failed to make payments as required under these agreements. Id. ¶ 16. EKCC notified Digital that they were in default, and made a written demand for immediate payment on May 3, 2011. Id. ¶ 17. Despite EKCC's demand, Digital failed to pay the amount due under the agreements. Id. ¶ 19.

Plaintiff's Complaint alleges causes of action of breach of contract and breach of guaranty, and seeks injunctive relief, specific performance, replevin, money damages, attorneys' fees, costs of collection, and interest on all unpaid amounts. See Compl. Plaintiff's Motion seeks: (1) judgment against Defendants on all counts set forth in the Complaint; (2) money damages of $505,930.70; and (3) legal fees and expenses totaling $9,150.00. See Dkt. No. 11-1 ("Proposed order"). Because Defendants have failed to answer or otherwise appear in this action, Plaintiff was not required to serve notice of their Motion. See FED. R. CIV. P. 55(b)(2). Nonetheless, on September 1, 2011, Plaintiff served notice of the Motion and supporting affidavits personally on Defendant Spada, in both his individual capacity and as a representative of Digital. See Dkt. No. 12. To date, neither Digital nor Spada has appeared in this action.

---

[1] EKCC's Complaint also alleged that Digital defaulted on payments due under a promissory note and security agreement executed on October 1, 2006. Compl. ¶¶ 13, 16-18. However, after the Complaint was filed, the security agreement was assumed by a third party and all arrearages were cured. Schlebler Affidavit (Dkt. No. 11-2) ¶ 14. Accordingly, EKCC does not seek any relief related to this agreement in any default judgment granted by the Court. Id.

### III.   DISCUSSION

**A. Standard of Review**

After the clerk has filed an entry of default against a party that has failed to plead or otherwise defend, a court may enter default judgment upon application of the opposing party. FED. R. CIV. P. 55(b). Default judgment is an extreme sanction, and decisions on the merits are favored. Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.1981). However, default judgment is ordinarily justified when a party fails to respond after having received proper notice. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984). After an entry of default has been entered, all of the well-pleaded allegations in a complaint pertaining to liability are deemed true. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) (recognizing that the factual allegations in the complaint, except those relating to damages, are deemed true after default).

However, a court cannot take allegations in a complaint regarding damages as true. Credit Lyonnais Sec. (USA), Inc., v. Alcantara, 183 F.3d 151, 154-155 (2d. Cir. 1999). After establishing liability, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. Transatlantic, 109 F.3d at 111. To determine the amount of damages in the context of a default judgment, "the court may conduct such hearings or order such references as it deems necessary and proper." FED. R. CIV. P. 55(b)(2). However, "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there [is] a basis for the damages specified in the default judgment." Fustok v. ContiCommodity Serv., Inc., 873 F.2d 38, 40 (2d Cir. 1989); see Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir.1991) (a full evidentiary hearing was not necessary where district judge was "inundated with affidavits, evidence, and oral presentations"); Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v.

3

Northeast King Construction Co., No. 1:06-CV-0806, 2009 WL 1706586, at *1 (N.D.N.Y. June 16, 2009) (Kahn, J.).

### B. Defendants' Liability

As Defendants have failed to appear in this action, and as an entry of default has been made in this case, the Court deems true the relevant and well-pleaded factual allegations in Plaintiff's Complaint.  "Under New York law, 'an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages.'" First Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2d Cir. 1998) (quoting Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir.1994)).  Plaintiff's Complaint adequately alleges each of these elements as to Digital, see Compl. ¶¶ 11-13, 16, 47-48, 49, and the Court therefore finds that Digital is liable for breach of contract.

"In an action on a guaranty, a plaintiff can establish a prima facie case of breach by proving the existence of a contract of guaranty and the obligor's failure to pay." Merrill Lynch Commercial Fin. Corp. v. All State Envelopes Ltd., No. 09-CV-0785, 2010 WL 1177451, at *2 (E.D.N.Y. Mar. 24, 2010) (citing Valley Nat'l Bank v. Greenwich Ins. Co., 254 F. Supp. 2d 448, 454 (S.D.N.Y. 2003)).  Here, Plaintiff's Complaint alleges that Spada: (1) signed a guaranty of Defendant Digital's obligations to Plaintiff under the lease agreements; and (2) failed to make required payments as they became due.  Compl. ¶¶ 14, 52-54.  Accordingly, the Court finds that Spada is liable for breach of guaranty.[2]

---

[2] Plaintiff's alternate claims for replevin and injunctive relief are dismissed.  Replevin, under New York law, is a "prejudgment quasi-provisional remedy" not appropriate at this time. McKesson Automated Healthcare, Inc. v. Brooklyn Hosp. Center, 779 N.Y.S.2d 765, 766 (N.Y. Sup. Ct. 2004) (citation omitted).  Similarly, Plaintiff's P.I. Motion is denied as moot.  Finally, a court may issue a permanent injunction on a motion for default judgment only if "the moving party

**C. Relief**

   *1. Damages*

Although Defendants' liability has been established, Plaintiff still must prove damages.  See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  Plaintiff has submitted a detailed spreadsheet calculating damages, as well as an affidavit from an employee with personal knowledge of the lease agreements in question.  Dkt. No. 11-2 at 45 ("Ex. 3"); Schlebler Aff.  The Court finds that Plaintiff has sufficiently proven that, "pursuant to the explicit terms" of the various lease agreements, the total amount owed by Defendants is $505,930.70.  Schlebler Aff. ¶ 11-15; Ex. 3; see also Eastman Kodak Co. v. Berkshire-Westwood Graphics Group, Inc., No. 09-CV-6185L, 2010 WL 2710975, at *2 (W.D.N.Y. July 6, 2010) (awarding breach of contract damages without a hearing where plaintiffs submitted sufficient documentary evidence).  Accordingly, the Court awards Plaintiff $505,930.70 in damages.  The Court also orders, as requested in Count II of the Complaint and pursuant to the terms of the lease agreements, that Defendants return the lease equipment in question to Plaintiff.[3]

   *2. Attorneys' Fees*

---

shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." BBY Solutions, Inc. v. Schwartz, No. CV 11-0947, 2011 WL 6986937, at *2 (E.D.N.Y. Nov. 17, 2011) (quoting Kingvision Pay–Per–View Ltd. v. Lalaleo, 429 F.Supp.2d 506, 516 (E.D.N.Y. 2006)).  Plaintiff did not specifically address this issue in the Motion for default judgment, and because the Court has no reason to suspect that "remedies available at law, such as monetary damages, are inadequate to compensate" for Plaintiff's injuries, this claim is dismissed.  See, e.g., BBY Solutions, Inc., 2011 WL 6986937, at *2 (listing the four prerequisites for the issuance of an injunction) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).

   [3] At the time Plaintiff's Motion was filed, Plaintiff had not yet recovered or sold the lease equipment at issue in this action.  Schlebler Aff. ¶ 20.  Any net proceeds of any future sale of such equipment are to be credited towards the calculated damages amount.  Id.

5

Plaintiff also requests $9,150.00 for legal fees and expenses incurred in this action. Proposed order at 2. Plaintiff alleges that Defendants are contractually obligated to pay Plaintiff's attorneys' fees and costs. See Compl. ¶ 50. However, in reviewing Plaintiff's submissions, the Court does not find documentation of either the attorneys' hourly rate or the number of hours spent on this matter, and therefore cannot determine whether the requested fees and costs are reasonable. See, e.g., J & J Sports Productions, Inc. v. Meson de Columbia, Inc., No. 10CV1142, 2010 WL 4791771, at *4 (E.D.N.Y. Oct. 7, 2010). Plaintiff's request for fees and costs is therefore denied, with leave to renew within thirty days. Any request must contain documentation in support of all costs and attorneys' fees claimed, including contemporaneous time records. See generally New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Entry of judgment in this action will be delayed for at least thirty days in order to incorporate all amounts due.

**IV.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 11) is **DENIED** as to costs and attorneys' fees, with leave to renew within **thirty (30) days** if filed with proper documentation; and it is further

**ORDERED**, that Plaintiffs' Motion for default judgment (Dkt. No. 11) is **GRANTED in part** consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that Plaintiffs are awarded damages in the amount of $505,930.70; and it is further

**ORDERED**, that Plaintiff's Motion for a preliminary injunction (Dkt. No. 6) is **DENIED** as

moot; and it is further

**ORDERED**, that the Clerk of the Court delay entering judgment in favor of Plaintiff for at least **thirty (30) days** to incorporate all amounts due in the entry of judgment; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   March 16, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge